THE STATE v. KINNEY, *Appellant.*

1. **Judicial Notice:** PROSECUTING ATTORNEY: INDICTMENT. A court is bound to take judicial notice of its own officers, and will notice their signatures, whether their official designations are added or omitted. Where an indictment is, in fact, signed by the prosecuting attorney, it makes no difference that he is designated " circuit attorney;" the error is an immaterial one, and constitutes no ground for a motion to quash.

2. **Jury:** EVIDENCE. The jury are the judges of the weight of the evidence and the credibility to be given to the witnesses, and a judgment will not be reversed because the evidence is conflicting.

*Appeal from Greene Circuit Court.*—HON. W. F. GEIGER, Judge.

AFFIRMED.

No brief for appellant.

*D. H. McIntyre,* Attorney General, for the State.

The indictment was signed " S. H. Boyd, Circuit Attorney." Defendant contends that the clerical mistake, " circuit attorney," for " prosecuting attorney," invalidates the indictment. It was not a defect which tended to the prejudice of the substantial rights of the defendant, and the objection was properly disregarded. R. S. 1879, § 1821. The prosecuting attorney's signature, without his official title, would have been sufficient. 1 Bishop Crim. Proc., (3 Ed.) § 698. For a court is bound to take judicial notice of its own officers, and will notice their signatures, whether

their official designations are added or not, and will know when their terms expire. Bliss Code Plead., § 199, and cases cited. It has been held that mistakes like the one complained of here are immaterial. *Baldwin v. State,* 9 Ind. 383; *State v. Salge,* 2 Nev. 321; *Craft v. State,* 3 Kas. 450; *Hipes v. State,* 73 Ind. 39. It was not error to overrule the motion to quash. The evidence was conflicting, but the jury were the judges of the weight of the testimony and the credibility of the witnesses, and the judgment will not, for that reason, be reversed. The instructions given are unexceptionable, and those refused for defendant were supplied by those given of the court's own motion and those given for the defendant.

MARTIN, C.—The defendant was indicted at the May term, 1881, of the circuit court of Greene county, for selling fermented and distilled liquors on Sunday, the indictment being based upon section 1581, Revised Statutes 1879. He moved to quash the indictment on the ground that it was not signed by the prosecuting attorney. The court overruled the motion. The defendant was arraigned and a plea of not guilty entered. Upon the trial he was convicted and fined $27 7-12, from which he has appealed. It is urged that the court erred in refusing to quash the indictment, and the defendant moved to set aside the judgment for error in this respect.

The indictment was signed "S. H. Boyd, circuit attorney." The motion to quash, averred that it was not signed by the prosecuting attorney of Green county.

Certainly, to render the indictment valid, it must in fact be signed by the prosecuting attorney of the county. Revised Statutes 1879, section 1798. The court, after hearing the motion, overruled it, and in the absence of proof to the contrary, it must be presumed that it was signed by the proper officer. The court is bound to take notice of its own officers, and will notice their signatures, whether their official designations are addded or omitted. The record in

this case, recites that S. H. Boyd was the prosecuting attorney of Greene county, at the empannelment of the grand jury, which found the indictment. Therefore, the indictment being signed by the proper officer, the law was substantially complied with. The mistake of using the word "circuit" instead of "prosecuting," for the purpose of designating his office of attorney for the county, is under the circumstances of the case, an immaterial one. It was not a defect or imperfection tending, in any way, to prejudice the substantial rights of the defendant upon the merits of his case. R. S. 1879, § 1821; I Bishop Crim. Proc., (3 Ed.) § 698; *State v. Salge*, 2 Nev. 321; *Hipes v. State*, 73 Ind. 39.

I have examined the evidence and instructions, and although the evidence is conflicting as to the act of sale, the jury were the judges of its weight, and of the credibility to be given to the witnesses respectively, and I see no ground for a reversal of their finding. The instructions given at the instance of the State, and on the motion of the court itself, placed the case fairly before the jury, and the judgment should be affirmed.

It is so ordered. All concur.