## THE STATE v. BROCK, Appellant.

**Division Two, February 21, 1905.**

1. **INFORMATION: Signing by Prosecuting Attorney: Initial.** The failure of the prosecuting attorney to write his full name in the body of the information, or to sign it that way at its conclusion, could not have misled the defendant or prejudiced his rights upon the merits of the case. The signing by the initial of the prosecuting attorney's first name, instead of by his first name in full, is a substantial compliance with the statute.

2. **SEDUCTION UNDER PROMISE OF MARRIAGE: Defendant Under Age.** It is not necessary, in order to a conviction for seduction under promise of marriage, that the proof should show that defendant was of age. Any person capable of seducing and debauching a female can make a promise of marriage, whatever his age may be, and it is sufficient if he makes such promise and in consequence of it commits the crime.

3. **FLIGHT: Instruction.** Where there is evidence to warrant the giving of an instruction on the question of flight, the giving of such instruction is proper.

4. **DEFENDANT'S PRESENCE AT TRIAL: Presumption.** Where the record shows that defendant was present in court and waived formal arraignment, and that at the close of the evidence for the State he demurred thereto, it will be presumed that he was present during the whole trial.

Appeal from Polk Circuit Court.—*Hon. Argus Cox,* Judge.

AFFIRMED.

*Rechow & Pufahl* for appellant.

(1) When the proceeding is by information it must be signed by the prosecuting attorney. R. S. 1899, sec. 2477. And this undoubtedly means in the name of the person elected or appointed to that office, i. e., in his official capacity and under the name by which he was elected, commissioned and qualified. (2)

An initial is not recognized as a name. Skelton v. Stockett, 91 Mo. 379; Martin v. Barron, 37 Mo. 301; 1 Bishop on Criminal Procedure (1 Ed.), secs. 119, 120; State v. Martin, 10 Mo. 391. (3) A person incapable of making a valid marriage contract can not be convicted under the statute in question. The defendant was under twenty years. of age at the time of the alleged contract and incapable of making such a contract without his father's consent. (4) In this case the record fails to show that the defendant was present at the empaneling of the jury, the trial, the rendition of the verdict, or judgment, motion for new trial, or in arrest; in fact, that he was present at any time during the progress of the case. This is fatal. R. S. 1899, secs. 2656, 2657 and 2658; State v. Buckner, 25 Mo. 168; State v. Schoenwald, 31 Mo. 147; State v. Braunschwerg, 36 Mo. 397; State v. Cross, 27 Mo. 332; State v. Jones, 61 Mo. 235; State v. Able, 65 Mo. 38; State v. Weedin, 133 Mo. 82; 1 Bishop's Criminal Procedure, sec. 690.

*Edward C. Crow,* Attorney-General, and *Sam B. Jeffries,* Assistant Attorney-General, for the State.

(1) The action of the court in overruling defendant's motion to quash the information was correct. The substantial object of this motion was that the prosecuting attorney signed the information by using his initial letter instead of his full name. In this, no error was committed. State v. Kyle, 166 Mo. 307; State v. Kinney, 81 Mo. 103; State v. Parks, 165 Mo. 501. (2) The evidence warrants the instruction on flight and the instruction follows forms approved by this court. State v. Walker, 98 Mo. 108; State v. Potter, 108 Mo. 429.

BURGESS, P. J.—The defendant was convicted in the circuit court of Polk county and his punishment fixed at a fine of $300 and imprisonment for thirty days

in the county jail of said county, under an information filed by L. Cunningham, the prosecuting attorney of said county, with the clerk of the circuit court of said county on the fourth day of August, 1903, charging him with having feloniously, under promise of marriage, seduced and debauched one Iva Fender, an unmarried female of good repute and under twenty-one years of age.    Defendant appeals.

Before the trial, the defendant moved to quash the information upon several grounds, the only one of any importance being that while the prosecuting attorney's full name was Lietellus Cunningham, and he was elected to office by that name, the information was signed, "L. Cunningham," prosecuting attorney. The motion was overruled, and defendant excepted.

The contention of defendant is that as the statute (sec. 2477, R. S. 1899) requires that an information must be signed by the prosecuting attorney, it means in the name of the person elected or appointed to that office, that is, in his official capacity and under the name by which he was elected, commissioned and qualified. It seems to us that a strict compliance with the letter of the statute should not be required, but that a substantial compliance with it is all that is necessary. The object of the statute in this regard is that the accused and court may know who makes the charge and whether or not by the proper officer. The court is, of course, bound to take notice of its own officers, and that the information is presented in the name of the prosecuting attorney of the county. The record in this case recites that on the twenty-ninth day of June, 1904, there was filed in the office of the clerk of the circuit court of Polk county an information by the prosecuting attorney of said county, and then proceeds to set out the information which begins as follows: "L. Cunningham, prosecuting attorney, within and for the county of Polk," etc. The failure of the prosecuting attorney to write his full name in the body of the information, or to sign

it in that way at its conclusion could not possibly have misled the defendant or prejudiced his rights upon the merits of the case. [R. S. 1899, sec. 2533; State v. Kinney, 81 Mo. 101; State v. Kyle, 166 Mo. 287.] The motion to quash was properly overruled.

The point is made that at the time of the alleged contract of marriage the defendant was under age, and incapable of entering into a valid contract of that character, and that, therefore, he was not guilty and could not have been guilty of the crime of seducing and debauching prosecuting witness under promise of marriage. But we are unable to appreciate the force of this contention. The statute (sec. 1844, R. S. 1899), is leveled at any person who shall, under or by promise of marriage, seduce or debauch any unmarried female of good repute and under twenty-one years of age, thus ignoring entirely the question of his age, and clearly the question of capacity of such a person to make a valid contract of marriage is foreign to any issue in the case. Any person capable of seducing and debauching a female can make a promise of marriage, whatever his age may be, and it is sufficient that he make such a promise and in consequence of it commits the crime. It is idle to say that the defendant was not capable of making such a promise at the time alleged in the information, and although he may not have been competent, because of his minority, to make a valid contract, such a one as he could have been compelled by legal proceeding to comply with, or to respond in damages for its violation, it would be strange indeed if a person could in this way violate both law and morals and not be held amenable to the law, but shield himself upon the ground that he was not capable of making a valid contract. Such is not the law.

In behalf of the State the court gave the usual instruction upon the question of the flight of defendant for the purpose of avoiding arrest for the crime with which he is charged, which it is earnestly insisted was

unauthorized by the evidence and should not have been given. But we are unable to concur in this position. On the contrary we think the evidence, without repeating it, well warranted the instruction; hence, it was not erroneous.

A final contention is that the record fails to show that the defendant was personally present during the trial as required by section 2610, Revised Statutes 1899, and that, because of its failure to do so, the judgment must be reversed. But this position does not seem to be borne out by the record, which shows that on the twenty-third day of November, 1903, the same being the third judicial day of the term, the defendant was duly arraigned and pleaded not guilty to the information, and for his trial puts himself on the county. And thereafter, on the same day and in the same cause, the record recites, "Comes now the *defendant* herein by his attorneys and by leave of court and at the close of plaintiff's evidence files his demurrer to the evidence herein.

"And said demurrer to plaintiff's evidence is in words and figures as follows, to-wit:

"Now comes the defendant herein at the close of the evidence offered by the State, and demurs to said evidence and asks the court to instruct the jury to return a verdict of not guilty for the following reasons: . . ."

"Signed:          RECHOW & PUFAHL, and
             "C. H. SKINKER,
             "Attorneys for defendant."

These entries show, first, that defendant was present in court and waived formal arraignment to the information; second, that defendant by his attorneys and by leave of court at the close of plaintiff's evidence filed his demurrer to the evidence; third, that the *defendant* at the close of the State's evidence demurred thereto for grounds set forth in the motion. It is true

the demurrer under consideration was signed by defendant's attorneys, but this is not inconsistent with the recital in the motion, "Now comes the defendant herein," which shows that the defendant was then present in court; otherwise it in all probability would have said, "Now comes the defendant herein by his attorneys," etc. We do not refer to the order of arraignment as showing that defendant was in court and present during the trial, but rather as a prelude to the orders which follow, and which, as intimated, show that defendant was present during the trial and especially at the time he demurred to the evidence adduced by the State. And being present at that "stage of the trial, it shall be presumed, in the absence of all evidence in the record to the contrary, that he was present during the whole trial." [Sec. 2610, supra.]

For the reasons stated, we are of the opinion that the judgment should be affirmed. It is so ordered.

All concur.