**KANSAS CITY, Missouri,
Respondent,**

v.

**Karen MORRIS, Appellant.**

**No. 25184.**

Kansas City Court of Appeals.

Missouri.

Dec. 3, 1969.

———◆———

Compton & Brown, by Roy W. Brown, Kansas City, for appellant.

Herbert C. Hoffman, City Counselor, Charles A. Lewis, Asst. City Counselor, Kansas City, for respondent.

HOWARD, Presiding Judge.

Appellant was charged with violation of a city ordinance; soliciting for immoral purposes, and fined $50.00 and costs. On appeal to the circuit court, she was again found guilty and fined $25.00 and costs. On appeal to this court, the appellant does not contest the sufficiency of the evidence; her sole point is that the information filed against her was not signed by a public prosecuting officer and is therefore void. She relies on the two cases of Kansas City v. Asby, Mo.App., 377 S.W.2d 511, and State ex rel. House v. White, Mo.App., 429 S.W.2d 277.

The parties have stipulated that the transcript contains an inadvertent error of omission concerning the information filed against appellant. To correct this omission they have, by stipulation, filed in this court a complete copy of the original information. This copy shows that the information, in the form of a "ticket", bears the signature of "Benecke", as Assistant City Counselor. Thus, we do not have an information which, in fact, is entirely blank where the signature should appear as was considered in the above two cited cases but we have an information with the last name of an assistant city counselor written in longhand. Such signature, while somewhat illegible, is unmistakable.

We do not believe that the omission of the assistant city counselor's Christian name constitutes any defect. The purpose of the requirement that the information be signed is so that the accused and the court can know who brings the charge against the defendant and whether or not that person is a proper officer to authorize the prosecution. This signing of the last name alone could not have misled the defendant in the case at bar in any manner and there is no contention by the defendant in this court that the manner of signing the information in any way prejudiced her rights upon the merits of the case. As a matter of fact, defendant did not mention this point until this appeal was taken. Our courts have long held that a complete signature of a prosecuting official is not required. The use of initials and even the use of a typewritten signature in place of a

longhand signature have been permitted. In such circumstances, we conclude and hold that the handwritten signature "Benecke" and his designation as an assistant city counselor sufficiently complies with the requirement that the information be signed by a public prosecuting official. See State v. Brock, 186 Mo. 457, 85 S.W. 595; State v. Wertz, 191 Mo. 569, 90 S.W. 838; and State v. Hardy, Mo.App., 21 S.W.2d 229.

The city also contends that the complete absence of a prosecutor's signature would not invalidate the information. In view of our conclusion as above expressed, there is no need for considering this second contention of the city.

This disposes of the only error alleged by appellant. We rule this contention against her and affirm the judgment below.

All concur.