**CITY OF ST. LOUIS, Plaintiff-Respondent,**

v.

**Joseph FERNBACHER, Defendant-Appellant.**

**No. 33275.**

St. Louis Court of Appeals, Missouri.

Jan. 20, 1970.

James H. Connor, Jr., St. Louis, for defendant-appellant.

Gary M. Gaertner, City Counselor, Daniel Tillman, Asst. City Counselor, Thomas W. Shannon, Pros. Atty., St. Louis, for plaintiff-respondent.

WEIER, Commissioner.

This appeal comes from the St. Louis Court of Criminal Correction on a conviction of peace disturbance under an ordinance of the City of St. Louis. Defendant Joseph Fernbacher was represented by counsel in the trial of the case below and in this court. On January 10, 1969, counsel for defendant filed a motion for exten-

sion of time to file transcript and we granted ninety days additional time to and including April 10, 1969. Failure to file the transcript within this time caused the case to be placed on the dismissal docket. But on June 20, 1969 the transcript was filed by leave of court and the case was set for hearing December 2, 1969. Although defendant's counsel has never withdrawn, no briefs were filed and no appearances were made after June 20, 1969.

Joseph Fernbacher was a bus operator for Bi-State Transit System. On June 25, 1967, he pulled his bus into the Grape Street loop off Broadway. Instead of stopping his motor in accordance with his instructions and a posted warning, he let the engine run. According to the prosecuting witness who lived adjacent to the loop, the engine was "roaring full blast" for some 15 to 20 minutes. Defendant admitted that it ran 3 to 4 minutes before he shut it off. Other buses had previously caused the same disturbance; and when defendant let his motor run, the prosecutrix called the police. Fernbacher was charged with peace disturbance. Upon appeal from city court to the St Louis Court of Criminal Correction, he was tried before a jury who found him guilty and imposed a fine of $25.00. Appeal by defendant was then properly directed to this court from judgment and sentence below. Section 479.250, RSMo 1959, V.A.M.S.

The transcript on appeal which was filed by appellant's attorney has been examined. In it appears the following colloquy: Assistant city counselor: "Can we stipulate as to the City Ordinances?" Defendant's attorney: "We can." But this is the only reference to the city ordinances upon which the prosecution is based other than a brief recitation of the numbers of the ordinances in the copy of the information filed. Nowhere in the transcript is there a copy of the ordinance or ordinances defining the offense charged and setting the punishment.

■ This court does not take judicial notice of municipal ordinances. City of

St. Joseph v. Roller, Mo., 363 S.W.2d 609, 611 [2–4]; City of St. Louis v. Pope, Mo. App., 129 S.W.2d 106, 107 [6]. Sec. 479.-250, supra, requires that the manner of taking appeals from the St. Louis Court of Criminal Correction to this court shall be the same, as near as may be, as is prescribed by law for taking appeals in criminal cases. And it is the rule of law in criminal case appeals that appellant has the duty to prepare and file a proper transcript in the reviewing court on his appeal. State v. Lowe, Mo., 365 S.W.2d 613, 614 [2].

■ Since there is no ordinance set forth in the transcript, and since we may not take judicial notice of an ordinance, such a failure precludes our consideration of the case on appeal. City of St. Louis v. Pope, supra, 129 S.W.2d p. 107 [5].

The appeal of the defendant is dismissed.

PER CURIAM:

The foregoing opinion by WEIER, C., is adopted as the opinion of this Court. Accordingly, the appeal of the defendant is dismissed.

WOLFE, P. J., and BRADY and DOWD, JJ., concur.