STATE of Missouri ex rel. Marion P. BEELER, Appellant,

v.

CITY OF RAYTOWN, Missouri, et al., Respondents.

No. 25286.

Kansas City Court of Appeals, Missouri.

April 6, 1970.

to compel the City of Raytown to pay him for vacation time worked in addition to his regular salary. The trial court issued its alternative writ and the case was submitted by both parties on the pleadings and without the hearing of evidence. After such submission, the trial court quashed the writ for the stated reason: "I find that Relator's contention is unsound and is not justified." After trial motions being overruled, appeal was taken to the Supreme Court of Missouri. That court found that the constitutional defenses urged by respondent were not timely raised and that it was without jurisdiction of the appeal. The case was duly transferred to this court, Mo., 439 S.W.2d 481. Although several city officials are joined as respondents, we shall refer to them collectively in the singular.

There is no dispute as to the facts. Relator was elected Marshal of the respondent city in 1963, and reelected in 1965 and 1967. As Marshal of such city of the fourth class, he was also Chief of Police. Section 85.610, RSMo 1959, V.A.M.S. In 1967, relator was entitled to a vacation of fifteen (15) working days under respondent's Ordinance 105. Relator continued to work during this vacation period and was paid his regular salary. He claims he is entitled to additional pay for working during his fifteen (15) days of vacation under a provision of Ordinance 105 which we will discuss later. Respondent refused to pay this additional money claimed ($675.00) and relator seeks to force its payment by this proceeding.

Respondent's reply to the writ alleged that Ordinance 105 was invalid because its provisions for additional pay for vacation time worked, in addition to regular salary, constituted an increase in the compensation of an elected official during his term of office, in violation of Section 79.270, RSMo 1959, V.A.M.S. It also alleged that the city budget for the period in question did not provide any money for the additional compensation claimed by relator. This reply

---

Preston H. Longino, Raytown, for appellant.

John C. Russell, Raytown, for respondents.

HOWARD, Judge.

This is a proceeding in mandamus whereby the appellant, relator below, seeks

**674**

did not raise any constitutional defenses or other issues.

Relator's answer to this reply incorporated Ordinance 105, the pertinent part of which reads as follows:

"* *· * Any employee who is entitled to vacation time as heretofore set forth in this section of the ordinance, shall have the option of continuing in his employ for all or any part of said period with regular compensation therefor in addition to compensation due and payble by reason of said vacation time accrued. ˎ * * *"

This ordinance was adopted in 1963 and the quoted part has not been amended.

Section 79.270, RSMo 1959, V.A.M.S., pleaded by respondent, reads:

"The board of aldermen shall have power to fix the compensation of all the officers and employees of the city, by ordinance. But the salary of an officer shall not be changed during the time for which he was elected or appointed."

Other than the stark assertion contained in its reply, respondent does not undertake to explain to this court how Ordinance 105, enacted in 1963, could constitute an increase in relator's compensation during his term which began with his election in 1967. From the above recital, it is apparent that Ordinance 105 does not violate the prohibition contained in Section 79.270 against raising an official's pay during his term of office. See James v. City of Morehouse, Mo.App., 152 S.W.2d 212. This contention is ruled against respondent.

The pleaded issue of failure to budget sufficient funds to pay relator's claim is not mentioned in respondent's brief and is therefore abandoned.

The constitutional issues urged in respondent's brief were not timely raised and, therefore, may not be considered.

Respondent also contends in his brief that the quoted portion of Ordinance 105 applies only to employees, as contrasted to relator who is a department head; and that this provision of Ordinance 105 was repealed by implication by later ordinances increasing relator's salary from time to time. The short answer to these contentions is that they were neither raised by respondent's pleading nor otherwise presented to the trial court. However, we have examined these contentions, ex gratia, and find them to be totally without merit.

It follows that respondent has failed to show any just cause for failure to pay relator for vacation time worked as provided in Ordinance 105. The judgment of the trial court is reversed and the cause remanded with directions to make the Alternative Writ of Mandamus, heretofore issued by the trial court, peremptory.

All concur.