**CITY OF KANSAS CITY, Respondent,**

v.

**Robert L. NARRON, Appellant.**

**No. KCD 26148.**

Missouri Court of Appeals,
Kansas City District.

Jan. 18, 1973.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 6, 1973.

Application to Transfer Denied May 14, 1973.

Roy W. Brown, Kansas City, for appellant.

Aaron A. Wilson, City Counsellor, Louis W. Benecke, City Pros., Jon M. Krebs, Asst. City Pros., Kansas City, for respondent.

Before DIXON, P. J., and CROSS and SWOFFORD, JJ.

SWOFFORD, Judge.

The appellant, hereinafter referred to as "defendant", was charged with driving while under the influence of intoxicating liquor under Section 34.113 of the Traffic Code of Kansas City. He was convicted in the Municipal Court and appealed to the Circuit Court where the case was tried de novo without a jury. He was there again convicted and he was fined $100.00 and costs and sentenced to two days at the Municipal Farm, to be served on a weekend. Defendant's motion for a new trial or in the alternative to discharge was overruled and this appeal followed.

In the proceeding in the Circuit Court, officer J. D. McGinness of the Kansas City, Missouri police department testified that on October 29, 1971, at approximately 10:20 o'clock p. m., he was sitting in his police car south of the intersection of Thompson and Oakley when he observed a vehicle eastbound on Thompson approaching a stop sign for eastbound traffic at its intersection with Oakley. The vehicle was going slowly but it did not stop and at-

tempted to make a left turn, struck a light pole at the intersection, backed up and proceeded northbound on Oakley. No other vehicle was involved or in the vicinity, except the police car occupied by McGinness.

McGinness pursued and stopped the vehicle. A man, later identified as the defendant, was driving, and the car was also occupied by a woman and some children.

McGinness testified that the defendant seemed incoherent, did not seem to understand, and was slow in responding to questions. He had the smell of alcohol on his breath but had fair ability to walk. McGinness advised the defendant that he was under arrest for driving while intoxicated and took him to the Van Brunt police station, gave him the Miranda warning and proceeded to make out an alcoholic influence report form.

This report showed that defendant stated he had consumed almost two half pints of whiskey from about 4:00 p. m. to about one-half hour before he was stopped; he estimated the time as 9:30 p. m. (it was then 11:05 p. m.); his breath smelled of alcohol; his eyes were bloodshot, glassy, staring and watery; pupils dilated; balance fair; walking fair; speech was slurred; choice of words fair; sentence continuity fair; clothing mussed and attitude antagonistic. McGinness concluded, and so testified, that the effects of alcohol were extreme and defendant's ability to drive greatly impaired.

McGinness discussed the breathalyzer test with defendant and his options under the implied consent law. McGinness was then asked if he asked defendant to take the test and the nature of defendant's response, and he stated, apparently before counsel had an opportunity to object, that defendant would not take the test. An objection made immediately after the answer, was properly sustained and the evidence as to defendant's refusal to take the breathalyzer test was stricken from the record.

Officer McGinness then issued a citation to the defendant for driving under the influence of intoxicating liquor.

The officer was subjected to a vigorous cross-examination, but his basic testimony of the occurrence remained as above outlined.

The defendant, Narron, testified in his own behalf that at the time of his arrest, he was enroute to his home at 5511 St. John Avenue in Kansas City, Missouri from Concordia, Missouri, where he had picked up his children to bring them home for the weekend. He had left Concordia about 1½ hours before his arrest. This town is about 50 miles from Kansas City, according to the defendant. He admitted drinking "roughly" two pints of beer that day, but stoutly denied that he was in any way under the influence of liquor.

His version of the occurrence at the intersection of Thompson and Oakley was that as he was getting ready to stop at the traffic sign, he accidentally knocked the fire and ashes from a cigarette off onto his daughter's lap where she was lying asleep beside him; that he reached over to brush them off, lost control of his car, and hit the telephone pole.

The points raised by defendant-appellant here in requesting us to reverse his conviction and order his discharge fall into three areas. *First,* the defendant claims that the information under which he was tried was fatally defective because it had been amended without leave of court or notice to the defendant and had not been properly signed by the prosecutor. *Second,* the municipal ordinances under which defendant was found guilty had not been properly introduced into evidence. *Third,* the judgment and conviction was against the weight of the evidence and that the city had failed to sustain its burden of proof as to defendant's guilt beyond a reasonable doubt.

■ Preliminary to a consideration of these issues, we note that in the body of defendant's argument in his brief (pages

11 and 15), *for the first time* he raises the constitutional question of claimed denial of due process in contravention of the Fourteenth Amendment of the Constitution of the United States and Article I, Section 10, of the Constitution of Missouri, V.A.M.S. Such question was not raised in the trial court, nor in the defendant's motion for a new trial or discharge after conviction, nor in his points and authorities in his brief. This question is therefore not properly preserved for review. St. Louis Teachers Association v. Board of Education of City of St. Louis, Mo.Sup., 456 S.W.2d 16, 18, 19; Swafford v. Industrial Commission, Mo. Sup., 452 S.W.2d 801, 802; State ex inf. Voigts v. City of Pleasant Valley, Mo. App., 453 S.W.2d 700, 708; State ex rel. Beeler v. City of Raytown, Mo.App., 453 S.W.2d 672, 674.

■ Directing attention now to the complaint or information, we recognize and reaffirm the consistently stated rule that a prosecution for violation of a city ordinance is regarded as a civil action with quasi-criminal aspects, so far as matters of sufficiency of the complaint are concerned. Kansas City v. Martin, Mo.App., 369 S.W. 2d 602, 608; City of St. Louis v. Stubley, Mo.App., 154 S.W.2d 407, 410. If the complaint sets forth facts which if found to be true would amount to the offense prohibited by the ordinance and is couched in terms that will inform the defendant of the nature of the charges against him in order that he may defend and so that a trial of the issue thus raised would bar another prosecution for the same offense, it is sufficient. Such facts need not be stated with the same strictness or particularity as required of a criminal indictment. Kansas City v. Stricklin, Mo.Sup. en banc, 428 S.W.2d 721. However, the defendant must not be required to guess or speculate as to the violations with which he is charged by the public authorities nor the nature of the evidence admissible under them. City of St. Louis v. Polar Wave Ice & Fuel Co., 317 Mo. 907, 296 S.W. 993, 994; Kansas City v. Martin, supra; St. Louis v. Stubley, supra; City of Raytown v. Roach,

Mo.App., 360 S.W.2d 741; Rule 37.18 V. A.M.R.

Under the procedures adopted by the police department of Kansas City, Missouri, where a traffic violation is involved, the arresting officer issues a multiple copy "Missouri Uniform Traffic Ticket" which is substantially the same but not identical to the form suggested by the Supreme Court in Rule 37.1162 V.A.M.R.

■ The use of substantially this form is required by Rule 37.46 V.A.M.R. One copy of such document designated "Summons, Copy of Information No. ———" is handed to the alleged violator. The original of this ticket is sent to the Municipal Clerk for examination by the city prosecutor. Under Rules 37.08 and 37.18 V.A.M. R., if the prosecutor is satisfied as to the existence of reasonable grounds for the charge, he signs the same and files it with the judge or court. The court has jurisdiction of the cause when, and only when, such information is signed by the prosecutor and filed with the court. Kansas City v. Asby, Mo.App., 377 S.W.2d 511; City of Elvins v. De Priest, Mo.App., 398 S.W.2d 22.

■ It would seem to be implicit in the authority of the prosecutor in making this examination and evaluation of the complaint as originally prepared by the arresting officer to make minor changes, clarifications or amendments to more clearly and legally set forth the charge. At his option under Rule 37.08 V.A.M.R., he may file a separate information accompanied by the complaint. He cannot, however, make such changes as will charge a new or different offense or materially change the essential statements of fact to the prejudice of any substantial rights of the defendant.

The municipal court in traffic cases may permit amendments under Rule 37.19 V.A. M.R., and under Rule 37.57 V.A.M.R., either the municipal court or the circuit court on trial de novo may permit amendments by leave of court or "on his own motion, make such amendments to the process, information or the complaint by

correcting the original process, information or complaint by adding, striking out or changing certain words therein or by requesting the municipality to submit an amended process, information or complaint."

The City and the defendant in the matter before us stipulated in the circuit court that no request was made nor leave granted to amend the information (T. 3½) and the circuit judge stated that any amendment was made before the matter was lodged in his court (T. 27). Since some amendment was obviously made, the only conclusion to be drawn is that such amendments were either made by the prosecutor before the information or complaint was initially filed in the municipal court, or that they were made by the municipal judge of his own motion.

■ However and whenever made, we rule that such changes were not material or substantial, did not change the offense charged, nor prejudicially affect defendant's rights.

Defendant was charged under Chapter 34, Traffic Code, Article X,. Improper Driving, Section 34.113, which provides:

"*Chapter 34*—Traffic Code, Article X, Improper Driving

*Section 34.113.* Persons under influence of intoxicating liquor.

(a) *Driving prohibited.* No person who is under the influence of intoxicating liquor shall drive or be in actual physical control of any vehicle or railroad train.

(b) *Evidence of intoxication.* Upon the trial of any action or proceeding arising out of acts alleged to have been committed by any person while driving or in actual physical control of a vehicle or railroad train while under the influence of intoxicating liquor, evidence of

the amount of alcohol in the person's blood at the time alleged as shown by a medical or chemical analysis of his breath, blood, urine, saliva or other bodily substance is admissible."

The material parts of the Missouri Uniform Traffic Ticket originally filled out by Officer McGinness and later amended are here summarized.[1]

In the Municipal Court of Kansas City, Missouri — Missouri Uniform Traffic Ticket

State of Missouri ⎱ SS. Summons, Copy of Information No. 361202
County of Jackson ⎰

The undersigned peace officer complains and states that
On or about 10–29–71
on a Public Street in K.C.Mo. at or near (location) 423 S. Oakley
Day of Week  Friday
At about (Time)  2223M

| Last Name | First | Middle |
|---|---|---|
| Narron | Robert | L. |

Address  5511 St. John
City and State  Kansas City, Mo.
Vehicle Make  1965 Chev.
Body Style  Chevelle
Age  36
DOB and State  1–14–35 Mo.
Race  W
Sex  M
Drivers License No.  No. 16–5756–7381–1091
State  Mo.
State  Mo.  License No. X4S–267  Year  1972
Did unlawfully operate the above described vehicle within the city limits and then and there commit the following offense:
Description of Violation:
  Driving (motor vehicle) while under the influence of intoxicating liquors.
In violation of the revised ordinances of Kansas City, Mo. as amended, Chapter and Sections  34.113A (B)  and  1.17
Complaint is true as I verily believe.

Officer  J. D. McGinness

On information and upon official oath the prosecutor complains and informs the court that these facts are true as he verily believes.
Assistant City Counselor  Initial or Signature—
Filed Nov. 17, 1971  (Note:  Illegible)

1. The printed portions of this document are in ordinary type; the parts which apparently were filled in by the officer are in italics, and the amendments are in *( )*. *italicized* *and* *underlined*. The sequence of these are in order, but the relative horizontal positions are sometimes changed to vertical for space accommodation and convenience.

The addition of the words "motor vehicle" to the Description of Violation did not in any way alter the basic charge brought against the defendant under Section 34.-113(a), nor could the defendant's basic rights have been adversely affected thereby. Neither did the amendment inject new factual situations or defensive matters into the case. The motor vehicle was fully described in the officer's traffic ticket, the location of the occurrence, the time, and all other pertinent details were set forth. There was never any denial by the defendant that he was the driver; he claimed no surprise; he was represented by counsel throughout; he asked for no continuance on the basis of surprise; and he freely testified as to his version of the operation of the Chevrolet automobile at Thompson and Oakley in the trials in municipal and circuit court.

Another element worthy of note is the defendant's claim that he should have been given notice of this amendment. Under Rule 37.35 V.A.M.R., the records or exact copies thereof were available to defendant and his counsel. The case in municipal court was originally set for November 17, 1971, and was thereafter continued to December 1, 1971, to December 29, 1971, and finally to January 12, 1972. Most, if not all, of these continuances it appears were at the behest of defendant's counsel. The case was tried de novo in the Circuit Court on March 3, 1972. Surely, defendant and his counsel were fully aware and fully advised at sometime over this span of 3½ months that defendant was charged with driving a motor vehicle (and not a railroad train) while under the influence of intoxicating liquor!! That he was driving a Chevrolet automobile was never in dispute. The conflicting evidence for the trier of the facts dealt only with his condition while doing so.

We are not persuaded that the complaint herein, either as originally made or as amended, was incomplete to properly charge a violation of the ordinance by virtue of the authority of Kansas City v. Franklin, Mo.App., 401 S.W.2d 949, a decision of this court upon which defendant places strong reliance. A reading of that decision clearly indicates that the complaint there (unlike the one before us) wholly failed to charge any of the basic facts necessary to sustain a conviction and was completely ambiguous and unintelligible.

■■ The additional amendment to the complaint adding a reference to Section 34.113B is of no importance here. That subsection of the ordinance purports to make admissible as evidence the amount of alcohol in a person's blood "as shown by a medical or chemical analysis of his breath, etc." Without passing upon the validity of that section as written (we need not do so), the obvious purpose thereof is to make admissible *the results* of any test relating to alcoholic content. Here, no such test was made. The trial court properly struck from the record the evidence that defendant refused to take a breathalyzer test. The defendant was not prejudiced by this amendment.

The last assault upon the information and complaint is that it is not properly signed by a prosecutor. Such is required to formalize the charge under Rule 37.18 V.A.M.R., but such rule sets forth no requirement as to penmanship. Admittedly, the complaint before us contains an illegible signature or initials in script following the printed words "Assistant City Counselor". It would be salutary if these complaints were signed in a legible manner, but we fear that the art of penmanship has fallen into neglect in the curriculum of our educational institutions, particularly, it would seem, in law schools.

■ However, absent any specific requirement in the ordinance as to the method or manner of signing the complaint, the general rules of law with reference to signatures would apply. Such signature need not be legible or made by any particular method, nor by full names, so long as such is subject to identification and is affixed

with the intent of formalizing the complaint or other document. 80 C.J.S. Signatures § 2(a), p. 1286, § 7, p. 1292; State v. Brock, 186 Mo. 457, 85 S.W. 595, 596 (first initial and last name); State v. Kelley, 191 Mo. 680, 90 S.W. 834, 837 (first initial and last name); State v. Kyle, 166 Mo. 287, 65 S.W. 763, 769 (initials); 41 Am.Jur.2d, Indictments and Informations, Section 53, p. 910; State v. Hardy, Mo.App., 21 S.W.2d 229, 230 (typewritten); Kansas City v. Morris, Mo.App., 448 S.W.2d 328 (last name only with designation "Assistant City Counsellor").

■ We hold that there was substantial compliance with the terms of Rule 37.-18 V.A.M.R., requiring that the information and complaint be signed by the prosecuting authority. The defendant and his able counsel could not have been placed long in doubt as to the fact that he was being prosecuted by an assistant city counselor whose exact identity obviously could be ascertained without hardship.

Appellant urges that his conviction was improper because the municipal ordinance upon which it was based was not properly introduced and accepted in evidence.

The transcript shows that after the testimony of Officer McGinness, Mr. Cleary, the assistant city counselor, stated (T. 18):

"City would introduce into evidence Chapter 34, Section 34.113 Revised Ordinances of City of Kanass City; Chapter 1, Section 1.17 Revised Ordinances of Kansas City.

City rests, Your Honor."

■ It of course is well settled that the courts will not take judicial notice of municipal ordinances but the same must be introduced as evidence at the trial level and included in the transcript on appeal or filed separately with the appellate court as an exhibit. City of St. Louis v. Fernbacher, Mo.App., 449 S.W.2d 672; Kansas City v. McLendon, Mo.App., 197 S.W.2d 713; City of Rolla v. Riden, Mo.App., 349 S.W.

2d 255, 258; City of Fredericktown v. Hunter, Mo.App., 273 S.W.2d 732; City of St. Louis v. Long, Mo.App., 395 S.W.2d 481.

■ While the above quoted statement of counsel could have been couched in more appropriate language, there can be no doubt that he intended to offer the ordinances mentioned into evidence and did so. Since this was a court tried case, there was no need for him to read the language of the ordinances into evidence; the defendant made no objection to the offer but proceeded to present his defense; this point was not raised by his motion for a new trial or to discharge nor in any of the post trial proceedings in the trial court. We hold that the ordinances were introduced and received in evidence. While the basic ordinance, Section 34.113, was not made a part of the transcript, the Jurisdictional Statement in both the appellant's and respondent's briefs sets the ordinance forth in *haec verba* and we hold that said ordinance is properly before us.

In so ruling, we do not in any degree depart from the rule as pronounced in the foregoing authorities. We limit our ruling to the proposition that the record before us does *not* justify the harsh remedy of dismissal as violative either of the rule or the substantial rights of the parties.

The final point urged by appellant is that his conviction is against the weight of the evidence and that the City failed to sustain its burden of proof beyond a reasonable doubt.

■ The only witnesses in the trial of the case in the court below were Officer McGinness and the defendant. We have summarized their testimony above. The matter was submitted without a jury, and we hold that there was competent and substantial evidence before the court as trier of the facts from which he could (and did) find defendant guilty of operating a motor vehicle while under the influence of intoxicating liquor. He alone had

the responsibility to judge and weigh the evidence and the credibility of the witnesses. We will not disturb his judgment unless it is clearly erroneous. Upon the record before us, it cannot be so characterized. Kansas City v. Crawford, Mo.App., 456 S.W.2d 587; State v. Paul, Mo.App., 437 S.W.2d 98, 100; State v. Persell, Mo. App., 468 S.W.2d 719; Kansas City, Missouri v. Ora Eugene Douglas, Mo.App., 483 S.W.2d 760, KCD No. 25317, decided 7/25/72.

The judgment is affirmed.

All concur.