Richard A. BREEDING, Plaintiff-Respondent,

v.

Dorothy E. SHOCKLEY, Defendant-Appellant.

Dorothy SHOCKLEY, Admrx., Plaintiff-Appellant,

v.

Richard Alan BREEDING et al., Defendants-Respondents.

Richard A. BREEDING, Plaintiff-Respondent,

v.

Dorothy E. SHOCKLEY, Grdn., Defendant-Appellant.

Nos. KCD 28925, 28926 and 28939.

Missouri Court of Appeals, Kansas City District.

Dec. 27, 1977.

John J. Phillips, Independence, for defendant-appellant.

Houlehan & Waterman, Jerome F. Waterman, Kansas City, for plaintiff-respondent.

Before TURNAGE, P. J., and PRITCHARD and SOMERVILLE, JJ.

TURNAGE, Presiding Judge.

Dorothy Shockley made application to the probate court to be appointed administratrix of the estate of her daughter, Elwanda Breeding. She also made application to be appointed guardian of her two grandchildren. The probate court appointed Dorothy in both capacities. As administratrix Dorothy filed suit in which she alleged Richard Breeding had intentionally killed his wife and prayed that he be disqualified from receiving any marital or insurance benefits. On appeal to the circuit court the appointment of Dorothy as guardian and administratrix was set aside and her suit to disqualify Richard from realizing any benefits was dismissed because of her improper appointment as administratrix.

On appeal from all three judgments Dorothy complains only of the action of the court in setting aside her appointment as administratrix and the dismissal of her suit to disqualify Richard from benefits. Her basis is that Richard was disqualified because of the allegation he intentionally killed his wife. Affirmed.

Richard Breeding and Elwanda Breeding were husband and wife. They had two children, ages nine and seven, at the time the proceedings here were begun. In July, 1974, Richard Breeding was charged with the murder of Elwanda. While the criminal charge was pending, Dorothy made application to the probate court to be appointed the administratrix of the estate of Elwanda and the guardian of the two minor children. The application for guardianship stated Richard was under investigation for murder of the mother of the children and the children should not be in the father's custody. The probate court entered its order appointing Dorothy as administratrix and guardian. Thereafter Dorothy filed a petition in the circuit court as administratrix of the estate of Elwanda against Richard, Southwestern Bell and General American Life Insurance Company. In this suit Dorothy alleged Richard and Elwanda were the owners of certain real estate as tenants by the entirety, and were also the joint owners of certain personal property. The suit further alleged the existence of a group insurance policy issued by General American Life Insurance Company on the life of Elwanda in the face amount of $18,000 with Richard as the designated beneficiary. The suit further alleged Bell was holding $8,343.41 as a death benefit and the sum of $132.35 in back pay. This suit prayed for an order that Bell and General American pay into court the sums held by them and further prayed for a judgment declaring that Richard had intentionally killed Elwanda. The petition concluded with a prayer that Richard be disentitled to take any benefit from the assets held by Bell and General American and derive no benefit from the one-half interest belonging to Elwanda in the jointly held real and personal property.

Richard filed an appeal to the circuit court from the action of the probate court granting letters of administration and letters of guardianship to Dorothy. Richard filed a motion to dismiss as to the petition filed by Dorothy in the circuit court on the grounds Dorothy was not an authorized party to bring this suit because she had been improperly appointed administratrix.

On this appeal Dorothy does not raise any question concerning the action of the circuit

court in setting aside her appointment as guardian. She has thereby abandoned any claim of error on that action. *State ex rel. Beeler v. City of Raytown,* 453 S.W.2d 672[2] (Mo.App.1970).

As to the action of the court in setting aside Dorothy's appointment as administratrix, Dorothy argues that it must be *assumed* that Richard intentionally killed Elwanda. She concedes there is no estate belonging to Elwanda which could require administration unless Richard is shown to have intentionally killed Elwanda. In the hearing on the appeal from the appointment of Dorothy as administratrix, Dorothy did not introduce any evidence which would show Richard had intentionally killed Elwanda. However, the court held the matter under advisement until June, 1976. At that time a certified copy of the jury verdict in the criminal case in which Richard was charged with the murder of Elwanda was filed which indicated the jury had acquitted Richard. After the acquittal was filed, the court made its finding in which Dorothy's appointment was set aside and the suit brought by her against Richard was dismissed because of her improper appointment as administratrix.

■ By § 473.110.2, RSMo 1969, so far as here applicable, letters of administration shall be granted to the husband or wife unless the court believes the one entitled to serve is not competent and suitable.

Dorothy concedes the absence of evidence to show Richard was not suitable, but contends since Richard had been charged with the murder of Elwanda it must be *assumed* Richard did intentionally kill Elwanda. It is from this assumption that Dorothy argues Richard was disqualified and Dorothy should have been appointed administratrix.

■ One who would disqualify a person preferentially entitled to be appointed the administrator of an estate has the burden of proving the basis of the disqualification. 33 C.J.S. Executors and Administrators & 60, p. 967. In 4 Maus Missouri Practice—Probate Law and Procedure § 654, p. 14 (1960) it is stated "the facts relied upon to show incompetency must be clearly established."

Dorothy does not cite any authority which would authorize an assumption that Richard intentionally killed Elwanda and is thereby disqualified from being appointed administrator. She argues that the very nature of this case dictates the appointment of Dorothy because there would be no estate of Elwanda unless Richard did intentionally kill her. This argument ignores the burden of proof cast upon Dorothy to show Richard's disqualification. Such disqualification may not be assumed but must be proven and the burden to so prove was upon Dorothy. Because she failed to sustain her burden, there were no facts presented to the circuit court upon which to base an appointment of Dorothy as administratrix.

Dorothy argues the court wrongfully accorded conclusive effect to the acquittal of Richard to show Richard did not kill Elwanda. While this is an interesting question, it need not be reached in this case because whether or not the court did give conclusive effect to the acquittal, still there remains no evidence to show Richard's disqualification. The acquittal certainly did not aid Dorothy in showing Richard disqualified. Thus, it is immaterial whether or not the court considered the acquittal to be conclusive.

■ Dorothy concedes the dismissal of her suit against Richard in which she sought to disqualify him from participating in the ownership of any property belonging to Elwanda was proper if her appointment as administratrix fails. As indicated the removal of Dorothy as administratrix was proper under the evidence presented to the circuit court. It follows the dismissal of a suit filed by Dorothy in her representative capacity was also proper.

The judgment in all three cases consolidated on appeal is affirmed.

All concur.