**CITY OF ST. JOSEPH, Missouri, Appellant,**

v.

**L. J. ROLLER, Respondent.**

No. 49273.

Supreme Court of Missouri,

Division No. 2.

Jan. 14, 1963.

Joseph G. Wood, City Counselor for City of St. Joseph.

Ronald S. Reed, Reed & Reed, St. Joseph, for Zola Anderson et al., amicus curiae.

Kranitz & Kranitz, St. Joseph, for respondent.

STORCKMAN, Judge.

This proceeding involves the constitutionality of an ordinance of the City of St. Joseph, Missouri. It was commenced in the Police Court of St. Joseph by an information filed by the City Counselor against the defendant charging a violation of a city ordinance. The Police Court dismissed the information and the City appealed to the Circuit Court of Buchanan County where the defendant filed a motion to dismiss on the ground, among others, that the ordinance and the statute on which it was based were unconstitutional. The persons who appear here as amici curiæ also by leave filed a brief in the Circuit Court.

The transcript recites: "No evidence was offered or received on the Motion to Dismiss, and specifically Section 12–315,

Municipal Code of the City of St. Joseph, 1949, as amended by General Ordinance 3179, enacted October 14, 1950, was neither offered nor received in evidence." Nevertheless, the motion to dismiss was argued orally, written briefs were filed, and thereafter the court sustained the defendant's motion to dismiss. In connection with making the record entry of dismissal, the court dictated into the record a memorandum of the grounds of his ruling. The City's motion for new trial was overruled and it appealed.

Since neither the ordinance nor any other evidence was introduced at the hearing of the motion to dismiss, the extent of the record before the trial court as well as this court will be apparent by reference to the pleadings. The information reads as follows:

"The undersigned city counselor for the City of St. Joseph, aforesaid, informs said court that the City of St. Joseph is a municipal corporation and a city of the first class, and that the above named defendant did, on or about the 12th day of August, 1961, and on divers other days within a year period thereto, violate an ordinance of said city, to-wit: Section 12–12, Chapter 315, Municipal Code of the City of Saint Joseph, Missouri, 1949 (or General or Special Ordinance Number . . . .) as amended, by then and there in said City of St. Joseph, Missouri, Violation city code Barber Law 12–12–315, at 7110 King Hill, 7:04 A.M. to the damage of said city in the sum of Five Hundred Dollars."

The grounds alleged in defendant's motion to dismiss are:

"1. That Sec. 12–315 of the Municipal Code of the City of St. Joseph (Go 3179, 14 October 1950) is so vague, indefinite and uncertain as to be wholly invalid as a penal regulation.

"2. That said Sec. 12–315 is beyond the scope of the powers granted plain-

tiff under Sec. 71.750, RSMo 1959, and hence is ultra vires.

"3. That said Sec. 12–315 of the Code and Sec. 71.750 of the Statutes are class legislation, discriminatory in nature, deprive defendant of his property without due process of law, and hence are violative of Article I of the Constitution of Missouri of 1945, and of the Fourteenth Article of Amendment to the Constitution of the United States.

"4. That said Sec. 12.315 is not reasonably connected with the public health and general welfare, and so is an arbitrary and unreasonable exercise of the police power by plaintiff, and hence void."

At the time the record entry of dismissal was made, the court dictated the following "MEMORANDUM OF COURT" into the record:

"The Court feels after reading the briefs and hearing the arguments of Counsel, that the statute upon which this ordinance is based, has no substantial or rational relation to the police powers of the State and does not simply regulate the hours of labor, but regulates the time of opening and closing shops.

"Further, if it is for the purpose of regulating competition, it is class legislation.

"WHEREFORE, the Motion to Dismiss is by the Court sustained on the grounds that the statute upon which the ordinance is based is unconstitutional."

■ Jurisdiction of the appeal is in this court because the constitutionality of a municipal ordinance and the statute on which it is alleged to be based were presented by the motion to dismiss, and the trial court held the statute to be unconstitutional. Art. V, § 3, Constitution of Missouri, 1945, V.A.M.S.; Marshall v. Kansas City,

Mo., 355 S.W.2d 877, 879[1]; Wooster v. Trimont Mfg. Co., 356 Mo. 682, 203 S.W. 2d 411[1].

In their briefs both parties have gone outside of the record. The defendant in particular undertakes to explain his factual situation and inserts in his statement of facts what purports to be a copy of the ordinance pursuant to which the defendant was arrested. To this, the City properly objects in its reply brief. The parties have briefed the constitutional questions and the extent of the police powers of the state, but on the record before us we cannot reach and decide these issues.

Essentially, the situation in this case is the same as in City of Rolla v. Riden, Mo. App., 349 S.W.2d 255. The defendant Riden was charged with violating a city ordinance described by number, in that he sold milk in the City of Rolla without a permit. A jury found Riden not guilty and the city appealed to the circuit court where the defendant filed a motion to dismiss on the ground that the ordinance was void because it was in conflict with the laws of Missouri. The motion was sustained and the city appealed from the judgment of dismissal. In the Riden case, as here, the ordinance had not been put in evidence. The opinion of the Springfield Court of Appeals made an extensive examination and review of the decisions of the courts of this state and very properly held that "neither trial nor appellate courts may take judicial notice of municipal ordinances." 349 S.W.2d loc. cit. 258. The court of appeals further concluded that the trial court should not have sustained the contention that the ordinance was void when it was not properly before the court. The judgment was reversed and the cause remanded.

Section 71.750, RSMo 1959, V.A. M.S., appears to be an enabling act which provides that cities, towns and villages are "empowered to pass, alter, amend and repeal ordinances to regulate the hours of closing of barber shops and beauty shops." That much we know and no more. We take judicial notice of statutes but not of ordinances. Without the ordinance before us, we do not know its terms or if in fact one was enacted. We have no way of knowing if it was intended to be based on § 71.750. The trial court had no way of knowing that either because the ordinance was not in evidence, and the court could not take judicial notice of it. For all that appears, the ordinance, if there was one, may have had some other basis. The effect of sustaining the motion and dismissing the prosecution was to hold the ordinance invalid because the information shows that the defendant was being prosecuted for violation of an ordinance—not a statute. Without the ordinance being properly before the court, there was no legal basis for holding it void and dismissing the information.

We have given the memorandum of the court the effect of "a brief opinion containing a statement of the grounds for its decision" made pursuant to § 510.310 subd. 2, RSMo 1959, V.A.M.S., although the transcript does not show it was requested before final submission as required by the statute. It has been held that a memorandum filed without a request does not perform the function provided by the statute and does not take the place of evidence as a test of the correctness of the judgment. Easton Food Center, Inc., v. Beatrice Creamery Co., Mo.App., 119 S.W.2d 987, 989[1]. We mention this because there are several grounds in the defendant's motion to dismiss besides the one referred to by the court.

As a bare minimum, the ordinance should have been introduced in evidence or agreed upon in this case. Without it the court erred in sustaining the motion and dismissing the information. City of Rolla v. Riden, supra. It might not be amiss to observe that cases are often dismissed on the pleadings without a sufficient development of the material facts to justify the action taken. Ellis v. Wolfe-Shoemaker Motor Co., 227 Mo.App. 508, 55 S.W.2d 309; Burke v. City of St. Louis, Mo., 349 S.W.

2d 930; Pogue v. Smallen, Mo., 285 S.W. 2d 915.

 Courts generally do not pass on constitutional issues if the case may be properly disposed of otherwise. State ex rel. De Weese v. Morris, 359 Mo. 194, 221 S.W. 2d 206, 209 [8]. It would be mere guesswork to undertake the determination of the validity of the ordinance on the record before us.

The judgment is reversed and the cause remanded.

All of the Judges concur.