**CITY OF BOONVILLE,**
**Missouri, Respondent,**

v.

**Reggie MARTIN, Appellant.**

**No. WD 36202.**

Missouri Court of Appeals,
Western District,
Division One.

July 9, 1985.

William P. Cronan, Fayette, for appellant.

James M. Conway, Boonville, for respondent.

Before LOWENSTEIN, P.J., and SHANGLER and SOMERVILLE, JJ.

SHANGLER, Judge.

The defendant Martin was arrested by a City of Boonville police officer for driving while intoxicated, was convicted in the circuit court and fined the sum of $300. The defendant contends the arrest was unlawful and that an ordinance breach was not proven. We reverse and discharge the defendant.

The defendant was taken in arrest in Howard County after a chase by City of Boonville Sgt. Donald Smith. The officer noticed a vehicle without tail light being driven down the center of the city street fail to stop completely at an intersection. The officer followed in the police car, turned on the red light, but the other vehicle failed to stop. It then continued

through Boonville in erratic movements, entered onto the Boonville river bridge, struck the railing once, struck it again, and then a third time. The vehicle continued across the bridge, out of Boonville, out of Cooper County, and into Howard County. The vehicle then turned into a parking lot in front of Snoddy's Store. There, the defendant was apprehended and charged by the Boonville officer by a Uniform Traffic Ticket with the violation of a Boonville ordinance for driving while intoxicated.

The defendant contends that the arrest in Howard County was beyond the bounds of the Boonville municipality and therefore Sgt. Smith was without official power to make an arrest there. We do not reach that question simply because the ordinance under which the defendant was charged and for whose violation he was convicted was never proven.

A municipal prosecution to be valid requires as an essential element of proof that the ordinance upon which the conviction rests be before the court—either by formal presentation or by stipulation. *Riverside v. Weddle*, 544 S.W.2d 328, 330[4, 5] (Mo.App.1976). Absent that proof, the existence and terms of the ordinance are not known, the offense remains undefined, and no misconduct can be shown nor any conviction proven. *State v. Furne*, 642 S.W.2d 614, 616[2] (Mo. banc 1982).

On the trial for the municipal infraction, there was evidence that the defendant Martin was the operator of the vehicle through the streets of the City of Boonville and beyond in the erratic fashion described, and that at that time he was intoxicated. [The breathalyzer yielded a .21 blood alcohol result.] The defendant was convicted for the operation of a vehicle in Boonville while intoxicated, but the ordinance was never introduced, never received in evidence, nor even ever mentioned in the proceedings. The defense counsel brought that failure in the proof to the attention of the court in the motion for new trial, but the prosecutor persuaded the court that judicial notice of the ordinance was effective to fill that lapse in the proof. The court thereupon denied the motion for new

trial. A municipal enactment is not subject to judicial notice, however, either by a trial court or an appellate court. *City of St. Joseph v. Roller*, 363 S.W.2d 609, 611[3–5] (Mo.1963). Thus, the violation of the ordinance remains unproven and a second trial, where the error was the failure to present evidence available upon the first, is precluded by principles of double jeopardy. *State v. Furne*, 642 S.W.2d 614, 617 (Mo. banc 1982).

The defendant is discharged.