**CITY OF KANSAS CITY,
Missouri, Respondent,**

v.

**Joseph BAKER, Appellant.**

**No. WD 42577.**

Missouri Court of Appeals,
Western District.

Aug. 21, 1990.

Lloyd Koelker, Kansas City, for appellant.

George L. Sharp, City Prosecutor, Kansas City, for respondent.

Before NUGENT, C.J., Presiding, ULRICH, J., and WASSERSTROM, Senior Judge.

PER CURIAM:

Joseph Baker was convicted of the unlawful use of a weapon and of obstructing and resisting a city police officer, in violation of two city ordinances of Kansas City, Missouri. He received a 180-day suspended sentence for each conviction. He now appeals, contending that the City failed to prove the existence of the ordinances that he allegedly violated.

The judgment is reversed, and the defendant is discharged.

At Baker's trial *de novo* on the above-referenced charges, Baker's attorney and the city prosecutor discussed the introduction of the applicable city ordinances into evidence:

[PROSECUTING ATTORNEY]: ... Are you going to require strict proof on city ordinances?

[DEFENSE COUNSEL]: I don't have any problem with the ordinances.

[PROSECUTING ATTORNEY]: Well, let's see how this works. Your Honor, it's my understanding by stipulation that counsel would agree that the Revised Ordinances of Kansas City, Sections 26.-35, 26.179, and 1.17 would be applicable, and he would stipulate to the admission of those. We can provide copies to the Court.

THE COURT: Subsequent.

[PROSECUTING ATTORNEY]: Subsequent to the proceeding.

THE COURT: Any objection, Mr. Payne?

[DEFENSE COUNSEL]: No, I have no objection to that, Your Honor.

Following the presentation of the City's case, the following exchange occurred:

THE COURT: Is that the City's case?

**648**

[PROSECUTING ATTORNEY]: Yes. With the exception of reservation of providing the city ordinances.

THE COURT: Yes, that's fine.

Although the parties stipulated that the applicable city ordinance would be introduced without strict compliance with the rules of evidence, there is no evidence in the record that the City ever submitted copies of the applicable ordinances to the court.

 A valid municipal prosecution requires, as an essential element of proof, that the ordinance upon which the conviction rests be before the court, either by formal presentation or by stipulation. *City of Boonville v. Martin*, 694 S.W.2d 295, 296 (Mo.App.1985). Absent that proof, the existence and terms of the ordinance are not known, the offense remains undefined, and no misconduct can be shown or any conviction proven. *Id.* The trial court may not take judicial notice of an ordinance that is not properly introduced into evidence at trial. *City of Kansas City v. Mullen*, 690 S.W.2d 421, 422 (Mo.App.1985).

 In this case, the parties expressed their intention to introduce the applicable ordinances into evidence by stipulation. However, there is no indication that the ordinances were ever brought before the trial court in any form, and the ordinances are not contained in the record before this court. Since the trial court could not take judicial notice of the applicable ordinances, an essential element of proof was lacking in the City's prosecution of Baker. The violation of the ordinance remains unproven, and a second trial, where the error was the failure to present evidence available upon the first, is precluded by the principles of double jeopardy. *City of Boonville*, 694 S.W.2d at 296; *State v. Furne*, 642 S.W.2d 614, 617 (Mo. banc 1982).

Accordingly, the judgment is reversed and the defendant is discharged.