CITY OF UNIVERSITY
CITY, Respondent,

v.

MAJ INVESTMENT CORPORATION,
Appellant.

No. 65419.

Missouri Court of Appeals,
Eastern District,
Division One.

Aug. 9, 1994.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Sept. 20, 1994.

Application to Transfer Denied
Oct. 25, 1994.

Terrence Finan Moffitt, St. Louis, for appellant.

John Francis Mulligan, St. Louis, for respondent.

GARY M. GAERTNER, Judge.

Appellant, MAJ Investment Corporation, appeals from a judgment imposed by the Circuit Court of the County of St. Louis upon de novo review of various municipal ordinance convictions for building and housing code violations obtained by respondent, the City of University City. We reverse.

Appellant, MAJ Investment Corporation, is the owner of a building, commonly known as the Tivoli Building, located in University City, Missouri. Between 1986 and 1992 respondent charged directors, officers and agents of appellant with violating provisions of the city's housing and/or building codes. Appellant appealed its municipal court convictions of these violations to the Circuit Court for St. Louis County for de novo review. The court consolidated the various appeals for hearing.

On December 6, 1993, appellant and respondent submitted the case to the trial judge pursuant to a two-page stipulation. The stipulation substituted appellant for the various directors, officers and agents originally charged, and dismissed eight of the

thirteen cases as duplicative charges, leaving five cases for the judge's consideration.

The stipulation also stated in pertinent part:

The parties stipulate that the allegations contained in each Information filed in each cause listed above constitute violations of all University City municipal Code ordinances listed on each Information and plaintiff's evidence would be that said violations exist as alleged. The parties stipulate that said ordinances were in full force and effect on the date(s) alleged and listed on each Information, and that the punishment for each violation is a maximum of 90 days in jail and/or a maximum fine of $500. Defendant denies the allegations.

On December 7, 1993, the trial court, in handwritten orders, found appellant guilty on four of the causes and imposed fines for each cause except one, where sentence was suspended. On December 9, 1993, the trial court found appellant guilty on the final cause and imposed a fine. Appellant now appeals.

Appellant presents two points for appeal. Appellant first contends the trial court's findings of guilt were erroneous, because respondent's ordinances which served as the basis for the trial court's findings were never before the trial court. Therefore, respondent failed to prove an essential element required in municipal convictions. Appellant's second point concerns the trial court's sentencing of appellant, which appellant alleges was in error for the following reasons: respondent failed to prove appellant's guilt as set out in the first point; the sentencing occurred on the same day as the adjudication of guilt, in violation of appellant's rights; appellant was not present for sentencing, as was appellant's right; and the trial court twice assessed fines against appellant for the same charge.

 On review, we must sustain the judgment of the trial court unless there is no substantial evidence to support it when the evidence and reasonable inferences therefrom are viewed in the light most favorable to the municipality; all evidence and inferences to the contrary are to be disregarded. *St. Louis County v. Afshari*, 817 S.W.2d 914, 915 (Mo.App., E.D.1991); *City of Jackson v.*

*Rapp*, 700 S.W.2d 498, 499 (Mo.App., E.D. 1985). The law in Missouri considers violations of municipal ordinances to be civil matters, but requires courts to apply the criminal standard of proof beyond a reasonable doubt because of the quasi-criminal aspects involved. *City of Cape Girardeau v. Jones*, 725 S.W.2d 904, 907 (Mo.App., E.D.1987).

Appellant's first point of error concerns the University City ordinances upon which the trial court found appellant guilty. Appellant contends the trial court's findings of guilt should be reversed because the ordinances under which appellant was charged and convicted were never entered into evidence at the trial level. Therefore respondent failed to prove the contents of the city ordinances allegedly violated by appellant as required in municipal prosecutions. Respondent, in response, refers to the stipulation set out above, asserting that this stipulation sufficed as proof of the relevant ordinances.

 Municipal enactments are not subject to judicial notice by trial or appellate courts. *City of St. Joseph v. Roller*, 363 S.W.2d 609, 611 (Mo.1963). A valid municipal prosecution requires, as a bare minimum, proof of the ordinance upon which the conviction rests, either by formal presentation or by stipulation. *Id.* The applicable ordinance is an essential element of proof and must be before the court. *City of Kansas City v. Baker*, 793 S.W.2d 646, 648 (Mo.App., W.D. 1990); *City of Boonville v. Martin*, 694 S.W.2d 295, 296 (Mo.App., W.D.1985). Absent proof of the existence and content of the ordinance defining the offense for which appellant was charged, the conviction cannot stand. *State v. Furne*, 642 S.W.2d 614, 616 (Mo. banc 1982). In such a case, the existence and terms of the ordinance are not known, the offense remains undefined, and no misconduct can be shown nor any conviction proven. *City of Boonville*, 694 S.W.2d at 296.

 The question before us is whether the stipulation set out above suffices to prove the existence and terms of the ordinances under which respondent prosecuted appellant. We believe it does not.

In *City of Kansas City v. Baker,* our peers in the Western District reversed the trial court's conviction of defendant on ordinance violations because the prosecuting attorney failed to submit copies of the applicable ordinances after promising to do so during the trial. For purposes of stipulation of ordinances, the Western District found mere reference to the chapter and section of the city's code inadequate; the record must contain the ordinances themselves. *City of Kansas City v. Baker,* 793 S.W.2d at 648.

In *City of Kansas City v. Narron,* 493 S.W.2d 394, 401–402 (Mo.App., K.C.D.1973), the court, after noting that court tried cases do not require ordinance language to be read into evidence, affirmed the municipal conviction despite the absence of the basic ordinance from the transcript; the court noted the fact that both sides' briefs set out the ordinance in haec verba. Citing *Narron* as authority, the court in *City of Kansas City v. Scanland,* 506 S.W.2d 18 (Mo.App., K.C.D. 1974), upheld a municipal conviction where the record referred to the relevant ordinance by chapter and section number, part of the ordinance itself was read into the record, and one of the briefs on appeal set out the ordinance in full. *Id.* at 21. In both cases, however, our peers in the Kansas City District took pains to point out "we do not depart from the rule . . . that the ordinance must be introduced in the transcript on appeal or filed separately as an exhibit. The prosecuting authorities should adhere to this rule in the trial of cases involving ordinance violations." *Scanland,* 506 S.W.2d at 21. The court did not reverse in either instance because the record immediately before it did not, in the court's eyes, justify the harsh remedy of dismissal as violative either of the rule or of the substantial rights of the parties. *Narron,* 493 S.W.2d at 401; *Scanland,* 506 S.W.2d at 21.

Here, the parties stipulated the ordinances cited in each Information were in full force and effect, and the allegations in each Information constituted violations of those ordinances. However, the terms of the ordinances themselves cannot be found in the Informations, in the trial court's orders, in the parties' briefs, or anywhere else in the record before us. The terms of the ordinances appellant was convicted under are nowhere in evidence. The parties' stipulation as to the existence of the ordinances does not suffice to avoid the unambiguous requirement under Missouri law that the ordinances themselves must be in evidence.

The applicable ordinance is an essential element of proof and must be before the court. *City of Kansas City v. Baker,* 793 S.W.2d at 648; *City of Boonville v. Martin,* 694 S.W.2d at 296. As the ordinances under which appellant was convicted are nowhere in the record, and as we cannot take judicial notice of the ordinances, *City of St. Joseph v. Roller,* 363 S.W.2d at 611, the applicable ordinances are not before the court. Therefore, appellant's conviction fails. Based on the foregoing, we reverse the order of the trial court and dismiss appellant.[1]

Reversed.[2]

REINHARD, P.J., and CRAHAN, J., concur.

---

1. The principles of double jeopardy preclude retrying appellant under the same municipal ordinances, where the error is due to the prosecuting authorities' failure to set out an essential element of proof. *City of Kansas City v. Baker,* 793 S.W.2d at 648. The double jeopardy clause bars a second trial once the reviewing court has found the evidence in the first trial legally insufficient; therefore, the only remedy available for that court is the direction of a judgment for acquittal. *State v. Furne,* 642 S.W.2d at 617.

2. Due to the dispositive nature of appellant's first point of appeal, we need not address appellant's second point.