ST. LOUIS COUNTY, Respondent,

v.

Joseph P. AFSHARI, Appellant.

No. 69237.

Missouri Court of Appeals,
Eastern District,
Division One.

Jan. 28, 1997.

**304**

Jamis Kresyman, Clayton, for appellant.

Eva Steinhubel, John Andrew Ross, County Counselor, Clayton, for respondent.

## GARY M. GAERTNER, Judge.

Appellant, Joseph Afshari ("defendant"), appeals the judgment entered by the Municipal Court of the County of St. Louis after defendant was found guilty of sixteen violations of the county building code. We affirm in part and reverse and remand in part.

Defendant owns a building in St. Louis County ("the County") which is leased to a tenant and operated as a lounge. Defendant undertook renovations to expand the property in the fall and winter of 1993. The construction ran into the early months of 1994. In February of that year, defendant obtained a temporary occupancy permit for the building. The permit allowed the tenant to store materials in the newly constructed area of the building, but did not allow the new space to be used as a lounge for business purposes. Despite these restrictions, defendant told the tenant he could operate the lounge in the renovated space.

The tenant operated his lounge in the expanded building on various occasions throughout the next several months. The county became aware of this action and charged defendant with violating two provisions of its building code on eight separate occasions, for a total of sixteen violations. The two charges listed on each of the eight amended informations were (1) occupation of the premises in a manner not approved by the terms of the temporary occupancy permit in violation of §§ 1101.100 and 118.2 of the County's building code and (2) failure to obtain a permanent occupancy permit in violation of §§ 1101.100 and 118.5. After a bench trial, defendant was found guilty on all sixteen charges. He was ordered to pay "$200 for each case," was ordered to serve four months in the county jail—the execution of which was suspended—and was placed on probation for one year with the special condition that he serve one hundred hours of community service.[1] Defendant appeals.

■ Defendant raises several issues on appeal, though his point relied on solely challenges the sufficiency of the evidence on which his convictions rest.[2] Defendant asserts the municipal court erred in finding him guilty as the county failed to offer into evidence certain ordinances which he was accused of violating.[3] We agree.

■ On review, we shall sustain the judgment of the municipal court unless it is not supported by substantial evidence. *University City v. MAJ Investment Corp.*, 884 S.W.2d 306, 307 (Mo.App. E.D.1994). We take the evidence and the reasonable inferences therefrom in the light most favorable to the municipality and disregard all contrary evidence and inferences. *Id.* Missouri law considers violations of city ordinances to be civil matters, but requires courts to apply the stricter criminal standard, proof beyond a reasonable doubt, because of the quasicriminal nature of the proceeding. *Id.*

■ On appeal, defendant contends the evidence was insufficient to support his convictions because the ordinances he was accused of violating were not before the court. A valid municipal prosecution requires, at a

---

1. This was how defendant's sentence was set out in the trial court's written sentencing form and probation order. At the oral pronouncement of sentence, the trial court ordered defendant to pay "$200 on each file," which it then clarified to mean "$100 on each count," in addition to sentencing defendant to jail time, probation, and community service.

2. We decline to address the arguments not specifically raised by defendant's point relied on as they fail to comply with Rule 84.04(d) and (e).

3. Respondent-county contends defendant failed to preserve this issue for review. However, we believe these facts rise to plain error affecting substantial rights, and therefore grant review. Rule 29.12(b); *see City of Kansas City v. Scanland*, 506 S.W.2d 18, 19–20 (Mo.App.1974). We further note defendant's failure to raise this issue at trial could have been based, in part, on the county's assurance that "[i]t [the exhibit] includes the whole building code."

bare minimum, proof of the ordinance upon which the conviction rests, either by formal presentation or by stipulation. *City of Boonville v. Martin,* 694 S.W.2d 295, 296 (Mo.App. W.D.1985). Moreover, municipal enactments are not subject to judicial notice by trial or appellate courts. *Id.* "Absent proof of the existence and content of the ordinance defining the offense for which appellant was charged ..., the conviction cannot stand." *State v. Furne,* 642 S.W.2d 614, 616 (Mo.banc 1982).

■ At trial, the county offered into evidence a document entitled "the ordinance," which purportedly contained the various ordinance sections defendant was accused of violating. "The ordinance" does include §§ 1101.100 and 118.5. Section 118.5 provides:

> Failure of the owner or tenant of a building to obtain the certificate of occupancy and to pay the applicable fees per Section 112.0 Shall [sic] be deemed a violation and shall subject said owner or tenant to the penalties prescribed in Section 116.4.

The document also contains § 116.4. Section 1101.100 states that the numbered ordinances contained in the document replace those with the corresponding numbers in the BOCA National Building Code, which the document incorporates by reference as the county's building code. However, a copy of the BOCA code, which contains the majority of the county's building code, was not offered into evidence at trial. It is in this code that § 118.2, the ordinance defining defendant's first charged offense (violating the terms of the temporary permit), is contained. This ordinance appears nowhere in the record.

■ As previously stated, the introduction of the applicable ordinances before the court is a fundamental aspect of municipal prosecutions. Here, the county offered only one applicable ordinance into evidence. The county wholly failed to offer into evidence

any part of § 118.2, the alleged violation of which likely contributed to defendant's sentence which included jail time, probation, and community service. Without placing the ordinance before the court, its violation remains unproven. *City of Kansas City v. Baker,* 793 S.W.2d 646, 648 (Mo.App. W.D. 1990). Thus, as the ordinance defining the first offense for which defendant was convicted is nowhere in the record,[4] that part of the municipal court's judgment must be reversed. Further, where the error was the failure of the prosecution to present evidence available to it at the first trial, a second trial on those charges is barred by the principles of double jeopardy. *Id.*

■ Based on the foregoing, the judgment of the municipal court with respect to defendant's violation of the terms of the temporary permit is reversed. We must further remand this case back to the trial court for the purpose of clarifying defendant's sentence. On remand, we direct the court to sentence defendant separately on the remaining count in each of the eight files.[5] The remainder of the judgment is affirmed.

---

4. We do not agree with the county's assertion that defendant's failure to object to the introduction of "the ordinance" into evidence constituted a stipulation to the existence and the terms of the missing ordinance. The case cited by the county, *City of Kansas City v. Narron,* 493 S.W.2d 394, 401 (Mo.App.1973), does not stand for this proposition, and furthermore, is distinguishable.

5. When sentencing defendants in multiple count cases, we suggest courts clearly set forth separate sentences as to each of the counts on which the defendants were convicted, rather than order a collective sentence for all of the charges as was done here. This should help to avoid confusion and the necessity of remand should any one of the convictions be reversed on appeal.