**In the Interest of R.B.**

No. SC 86979.

Supreme Court of Missouri,
En Banc.

March 21, 2006.

John J. Smith, St. Charles, for appellant.

Benicia Baker–Livorsi, St. Charles for respondent.

Timothy C. Mooney, St. Louis, Dulcie Green Wink, Houston, TX, Amicus Curiae for Justice For Children.

STEPHEN N. LIMBAUGH, JR., Judge.

This is an appeal from the dismissal of a petition that alleged two counts of delinquency against R.B., a juvenile. The juvenile officer appeals claiming that evidence had been improperly rejected by the family court commissioner who heard the case. This Court has jurisdiction as it involves the validity of a state statute. Mo. Const. art. V, sec. 3. However, because the juvenile officer lacks the right to appeal, the appeal is dismissed.

R.B., a juvenile at the time of the alleged incident, was charged with one count of first degree child molestation and one count of sexual misconduct involving a child. At trial, the juvenile officer attempted to elicit the testimony of the alleged victim, a 10–year–old girl. During her testimony she became upset to the extent that she could not continue. At that point, the commissioner declared her to be unavailable for testimony and prevented R.B.'s counsel from cross-examining her.

The juvenile officer proceeded with his case by calling the detective who had first investigated the allegations. He asked the detective what the alleged victim had told him during his investigation of the alleged incident. Defense counsel objected based on hearsay and a violation of R.B.'s constitutional right to confrontation, as recently declared in *Crawford v. Washington*, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). The testimony was then allowed, but not for the truth of the matters assert-ed, and only as an indication of why the officer proceeded as he did. The detective recounted the statements made to him by the alleged victim, and then testified that, pursuant to departmental policies, he ceased questioning the victim so that a forensic interview could be scheduled. When the juvenile officer then sought to introduce the videotape of the forensic interview, R.B.'s counsel objected on the ground that R.B. had not been given an opportunity to cross-examine the alleged victim as is required by *Crawford.* The objection was overruled and the videotape was received into evidence.

After the conclusion of the hearing and after taking the matter under advisement, the commissioner issued her opinion recommending the petition be dismissed for failure to prove beyond a reasonable doubt that R.B. committed the offenses. As a basis for that recommendation, the commissioner determined that the videotape was inadmissible under *Crawford,* a ruling that cast doubt on the validity of section 491.075, which permits a child victim's testimony to be used as substantive evidence in sexual misconduct cases even though the child has not been subjected to cross-examination. Thereafter, the administrative judge of the family court adopted and confirmed the findings and recommendations of the commissioner and entered judgment accordingly. The juvenile officer now appeals the judgment dismissing the petition claiming that the videotape testimony of the alleged victim was improperly rejected.

The right to appeal is statutory in nature. *State v. Burns,* 994 S.W.2d 941, 941 (Mo. banc 1999). As such, if a statute does not provide for appeal under certain circumstances, then appeal cannot be had. *Farinella v. Croft,* 922 S.W.2d 755, 756

(Mo. banc 1996). Section 211.261 sets out the limited situations in which the juvenile officer may appeal. That section provides:

1. An appeal shall be allowed to the juvenile officer from any final judgment, order or decree made under this chapter, except that no such appeal shall be allowed concerning a final determination pursuant to subdivision (3) of subsection 1 of section 211.031 [vesting juvenile courts with jurisdiction when a juvenile is charged with violating state law] . . . .

2. Notwithstanding the provisions of subsection 1 of this section, an appeal shall be allowed to the juvenile officer from any order suppressing evidence, a confession or an admission, in proceedings under subdivision (3) of subsection 1 of section 211.031.

3. The appeal provided for in subsection 2 of this section shall be an interlocutory appeal, filed in the appropriate district of the Missouri court of appeals . . . .

Sec. 211.261.1–.3, RSMo 2000. Thus, in juvenile delinquency proceedings, the juvenile officer is limited to *interlocutory* appeals of orders suppressing evidence, confessions, or admissions. Sec. 211.261.3, RSMo 2000.

 An interlocutory appeal is an appeal taken from a proceeding before the entry of a final judgment. An interlocutory judgment or order "is one that generally decides some point or matter between the commencement and the end of a suit, but that is not a final decision of the whole controversy." *Pulitzer Publ'g Co. v. Transit Cas. Co.*, 43 S.W.3d 293, 298 (Mo. banc 2001). In contrast, a final judgment is one that decides every issue in a case and leaves nothing else for the court to decide. *Id.* Consistent with double jeopardy principles, a dismissal of charges in a criminal case is a final judgment if it "has the effect of foreclosing any further prosecution of the defendant on a particular charge."

*Burns,* 994 S.W.2d at 942 (addressing dismissal of criminal charges prior to trial as, for example, where the offense charged is unconstitutional). These same double jeopardy principles have been applied to juvenile delinquency proceedings. *Breed v. Jones,* 421 U.S. 519, 95 S.Ct. 1779, 44 L.Ed.2d 346 (1975).

The juvenile officer claims that the ruling rejecting the videotaped testimony of the alleged victim can be reviewed as an interlocutory appeal. Although that ruling may have been properly appealed under section 211.261 at an earlier stage of the proceedings, that is not the present case. Here, the challenged ruling was made as a part of the commissioner's "Findings, Recommendations, and Judgment Denying Jurisdiction," which was issued after completion of the proceeding and in conjunction with the entry of final judgment by the administrative judge of the family court. This judgment left nothing to be decided for another day. Therefore, by definition, the appeal sought is not interlocutory in nature, but rather, an appeal after a final judgment. Moreover, by that time, jeopardy had attached, and the juvenile officer was foreclosed from further prosecution. *Id.* at 531, 95 S.Ct. 1779 (jeopardy attaches in juvenile proceedings when the trier of fact begins to hear evidence).

Because section 211.261 does not authorize the juvenile officer to appeal final judgments in delinquency proceedings, and in these situations double jeopardy has attached, there is no jurisdiction to entertain an appeal. Accordingly, we leave the resolution of whether the evidence was properly suppressed or excluded for another day.

The appeal is dismissed.

All concur.