In the Missouri Court of Appeals
 Eastern District
 DIVISION FOUR

CITY OF CENTER, ) No. ED108222
 )
 Respondent, ) Appeal from the Circuit Court
 ) of Ralls County
v. ) Cause No. 170824589-01
 )
KEITH ANDREWS, ) Honorable John J. Jackson
 )
 Appellant. ) Filed: April 13, 2021

 Introduction

 Keith Andrews (Appellant) appeals the judgment finding him guilty of speeding

after a trial de novo. We reverse and remand for the trial court to enter a judgment of

acquittal.

 Background

 On January 3, 2019, Chief David Ray of the City of Center (City) Police

Department issued a citation to Appellant for driving 55 miles per hour on a highway with

a posted speed limit of 35 miles per hour. The citation provides exceeding the posted speed

limit by 20 miles per hour violated “75.100-320N200054.99.” 1 On March 25, 2019, a

municipal court found Appellant guilty of the charged offense. Appellant filed an

1
 Based on Chief Ray’s trial testimony, this is a City ordinance.
application for trial de novo in the circuit court. Chief Ray and Appellant testified at the

trial. The prosecutor failed to introduce the municipal ordinance into evidence. The court

found Appellant guilty of speeding. The court subsequently conducted a sentencing

hearing and ordered Appellant to pay a fine of $155.50 and court costs. This appeal

follows.

 Discussion

 We first address the issue regarding admission of the municipal ordinance into

evidence. At the trial, the prosecutor stated during his opening statement that Appellant

“was guilty of the ordinance of speeding.” Chief Ray testified there is an ordinance against

speeding within the City’s limits and he issued Appellant a ticket for violating the City’s

ordinances by speeding. However, the prosecutor’s statement and Chief Ray’s testimony

are insufficient to properly introduce the ordinance into evidence. State v. Cochran, 365

S.W.3d 628, 637 (Mo. App. W.D. 2012); City of Joplin v. Marston, 346 S.W.3d 340, 342

(Mo. App. S.D. 2011). Further, reference to an ordinance by number in a citation is

insufficient for purposes of admitting the ordinance into evidence. Queen of Diamonds,

Inc. v. Quinn, 569 S.W.2d 317, 319 (Mo. App. 1978).

 On appeal, Appellant does not raise the issue regarding admission of the ordinance

into evidence. Accordingly, review is for plain error. For plain error review, we first

determine whether the trial court committed error that is evident, obvious and clear.

Cochran, 365 S.W.3d at 633. If we find such an error, we then determine whether the error

resulted in manifest injustice or a miscarriage of justice. Id.

 “Prosecutions for municipal ordinance violations are civil proceedings with quasi

[-]criminal aspects.” Tupper v. City of St. Louis, 468 S.W.3d 360, 371 (Mo. banc 2015).

 2
“[B]ecause of the quasi-criminal nature of ordinance violations, the burden is on the city

to produce evidence of such a convincing nature as to convince the trier of facts that

defendant was guilty of the offense charged beyond a reasonable doubt.” Id. (citations and

internal quotations omitted).

 Municipal ordinances are not subject to judicial notice by trial or appellate courts.

State v. Furne, 642 S.W.2d 614, 616 n.3 (Mo. banc 1982); St. Louis County v. Afshari, 938

S.W.2d 303, 305 (Mo. App. E.D. 1997); University City v. MAJ Investment Corp., 884

S.W.2d 306, 307 (Mo. App. E.D. 1994). 2 The rule is well settled in this state that a valid

municipal prosecution requires, at a bare minimum, proof of the ordinance upon which the

conviction is based. Cochran, 365 S.W.3d at 637; Afshari, 938 S.W.2d at 304-05; MAJ

Investment Corp., 884 S.W.2d at 307. By not properly introducing the ordinance into

evidence, the offense remains undefined, and no misconduct can be shown or any

conviction proven. MAJ Investment Corp., 884 S.W.2d at 307. Absent proof of the

existence and content of the ordinance defining the offense for which a defendant was

charged, the “conviction cannot stand.” Id.; Furne, 642 S.W.2d at 616; Cochran, 365

S.W.3d at 637; Marston, 346 S.W.3d at 342; Afshari, 938 S.W.2d at 305.

2
 The analysis regarding introduction of ordinances applies to county and “municipal” ordinances. Cochran,
365 S.W.3d at 637-38.
 A city may prove its ordinances in one of three ways: (1) in accordance with the first clause
 of section 490.240 [RSMo Cum. Supp. 2008], the prosecutor can enter a handwritten or
 printed certified copy of the ordinance into evidence; (2) alternatively, in accordance with
 the second clause of section 490.240, the prosecutor has the choice of “lugging into court
 a printed volume of the current municipal ordinances published by the city and proving the
 existence and provisions of the ordinances in question by reference to that volume[;]” or
 (3) under section 479.250 [RSMo Cum. Supp. 2008], the prosecutor has the further options
 of adducing a certified copy of the ordinance with the clerk of court “and, provided that it
 is kept by the clerk ‘readily available for inspection by the parties’, the trial judge may take
 judicial notice of it, obviating any further offer by the party relying upon it.” Marston, 346
 S.W.3d at 342 (footnote omitted) (citations omitted).
The record does not show that the prosecutor used any of these three procedures to introduce the
ordinance into evidence.

 3
 Moreover, failure to introduce the ordinance for which a defendant was convicted

constitutes plain error affecting substantial rights. Afshari, 938 S.W.2d at 304 n.3. In

Cochran, a jury found the defendant guilty of animal abuse, a misdemeanor under state

statute, and failure to vaccinate, in violation of a county ordinance. 365 S.W.3d at 632.

On appeal, the defendant argued that for the ordinance violation the State failed to prove

beyond a reasonable doubt that she was guilty of every element of the offense because the

State failed to introduce the ordinance into evidence. Id. at 636. The court questioned

whether the defendant properly preserved the issue for appeal. Id. at 637 n.8. The court

then stated that even if not properly preserved, “caselaw is clear that failure of proof of the

ordinance before the trial court means that a violation of the ordinance remains unproven

and even if unpreserved such a failure amounts to plain error.” Id. The court applied the

analysis regarding the significance of introducing the ordinance into evidence and reversed

the defendant’s conviction for violating the ordinance. Id. at 636-38.

 In the present case, the prosecutor failed to introduce the ordinance into evidence.

Under the facts of this case, the trial court’s finding of guilt constituted evident, obvious

and clear error that resulted in manifest injustice. Further, where the ordinance violation

remains unproven, “the principles of double jeopardy preclude a second trial when the

evidence is found to be legally insufficient by the reviewing court.” Furne, 642 S.W.2d at

617; Marston, 346 S.W.3d at 342. Therefore, the sole remedy is a judgment of acquittal.

Id.

 Conclusion

 The judgment is reversed and the cause remanded for the trial court to enter a

judgment of acquittal.

 4
 _______________________________
 Gary M. Gaertner, Jr., P.J.

Philip M. Hess, J., concur.
Michael E. Gardner, J., concur.

 5