

# In the
# Missouri Court of Appeals
## Western District

| | | |
|---|---|---|
| IN THE INTEREST OF: S.R.W., | ) | |
| | ) | |
| Appellant, | ) | WD84938 |
| | ) | |
| v. | ) | OPINION FILED: June 14, 2022 |
| | ) | |
| JUVENILE OFFICER, | ) | |
| | ) | |
| Respondent. | ) | |

**Appeal from the Circuit Court of Buchanan County, Missouri**
The Honorable Daniel Fred Kellogg, Judge

Before Division Three: Gary D. Witt, Presiding Judge, Anthony Rex Gabbert, Judge and
W. Douglas Thomson, Judge

S.R.W. ("Juvenile") appeals the judgment of the Circuit Court of Buchanan County, Missouri ("trial court"), finding her delinquent, after an adjudication hearing, for a violation of a St. Joseph, Missouri municipal ordinance. On appeal, Juvenile claims that the trial court erred in finding that she violated the ordinance in that the Juvenile Officer produced no evidence of the municipal ordinance she was charged with having violated. We reverse the judgment of the trial court and enter a judgment of acquittal.

**Factual and Procedural Background**

Juvenile Officer for Buchanan County filed a petition alleging that Juvenile committed the delinquency offenses, section 211.031.1(3)[1] of Assault in the Fourth Degree, section 565.056.1(6); and of Possession of Alcohol by a Minor, section 311.325. The petition also alleged that Juvenile committed two status offenses, section 211.031.1(2). The Juvenile Officer amended the petition to add a delinquency offense, section 211.031.1(3) alleging that Juvenile violated the St. Joseph ordinance of Disorderly Conduct on School Premises. Juvenile denied all allegations, and on November 2, 2021, the trial court held an adjudication hearing. Before any evidence was presented, the Juvenile Officer dismissed the first two counts. Several witnesses testified on behalf of the Juvenile Officer. Juvenile presented no evidence. At the close of the Juvenile Officer's evidence and at the close of all evidence, Juvenile moved for acquittal, arguing that there was insufficient evidence that Juvenile had committed the status offenses and that the Juvenile Officer had failed to produce any evidence of the municipal ordinance Juvenile was charged with having violated, thereby rendering the evidence insufficient to prove that Juvenile had committed that violation. The trial court found the status offenses alleged were "not true" but found that the allegations that Juvenile committed the municipal ordinance violation were true beyond a reasonable doubt. This appeal follows.

---

[1] Unless otherwise noted, all statutory references are to the Revised Statutes of Missouri (2016), as updated by supplement.

**Standard of Review**

"We review a juvenile proceeding under the same standard we apply in other court-tried civil cases." *In re A.G.R.*, 359 S.W.3d 103, 108 (Mo. App. W.D. 2011). We will affirm the judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Id.*; *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). "In determining whether this standard has been met, we review the evidence in the light most favorable to the judgment, and we disregard all contrary inferences." *In re A.G.R.*, 359 S.W.3d at 108. We defer to the trial court's credibility determinations. *Id.*

**Analysis**

In her single point on appeal, Juvenile claims that the trial court erred in finding that Juvenile violated a municipal ordinance because the Juvenile Officer provided no evidence of the ordinance. We agree.

The law on this issue is clear and long standing. "Prosecutions for municipal ordinance violations are civil proceedings with quasi[-]criminal aspects." *City of Center v. Andrews*, 622 S.W.3d 211, 213 (Mo. App. E.D. 2021) (internal quotation omitted). Accordingly, the burden is on the charging party to produce evidence "of such a convincing nature as to convince the trier of facts that the defendant [or here, juvenile] was guilty of the offense charged beyond a reasonable doubt." *Id.* (internal quotation omitted).

> Municipal ordinances are not subject to judicial notice by trial or appellate courts. *State v. Furne*, 642 S.W.2d 614, 616 n.3 (Mo. banc 1982); *St. Louis County v. Afshari*, 938 S.W.2d 303, 305 (Mo. App. E.D. 1997); *University City v. MAJ Investment Corp.*, 884 S.W.2d 306, 307 (Mo. App. E.D. 1994).

3

The rule is well settled in this state that a valid municipal prosecution requires, at a bare minimum, proof of the ordinance upon which the conviction is based. *Cochran*, 365 S.W.3d at 637; *Afshari*, 938 S.W.2d at 304-05; *MAJ Investment Corp.*, 884 S.W.2d at 307. By not properly introducing the ordinance into evidence, the offense remains undefined, and no misconduct can be shown or any conviction proven. *MAJ Investment Corp.*, 884 S.W.2d at 307. Absent proof of the existence and content of the ordinance defining the offense for which a defendant was charged, the "conviction cannot stand." *Id.*; *Furne*, 642 S.W.2d at 616; *Cochran*, 365 S.W.3d at 637; *Marston*, 346 S.W.3d at 342; *Afshari*, 938 S.W.2d at 305.

*Id.* at 213-14.

A municipal ordinance may be proven in one of three ways:

(1) in accordance with the first clause of section 490.240, the prosecutor [or juvenile officer] can enter a handwritten or printed certified copy of the ordinances into evidence; (2) alternatively, in accordance with the second clause of section 490.240, the prosecutor [or juvenile officer] has the choice of "lugging into a court a printed volume of the current municipal ordinances published by the city and proving the existence and provisions of the ordinances in question by reference to that volume"; or (3) under section 479.250, the prosecutor [or juvenile officer] has the further options of adducing a certified copy of the ordinance or filing a certified copy of the ordinance with the clerk of the court "and, provided that it is kept by the clerk 'readily available for inspection by the parties', the trial judge may take judicial notice of it, obviating any further offer by the party relying upon it."

*Id.* at 213 n.2 (footnote and internal quotations omitted). The Juvenile Officer took none of the above actions, and Juvenile denied all of the allegations against her. Therefore, the Juvenile Officer failed to prove what the elements of the offense may be under the municipal ordinance under which Juvenile was charged or that Juvenile violated a municipal ordinance. Point I is granted.

The Juvenile Officer argues that, if we conclude that the Juvenile Officer failed to prove a violation of a municipal ordinance, we should remand for Juvenile to receive a new

4

trial.  But here, again, the law is clear and longstanding.  Where an ordinance violation remains unproven, "the principles of double jeopardy preclude a second trial when the evidence is found to be legally insufficient by the reviewing court." *Id.* at 214.  This is true in juvenile cases as well.  *In re R.B.*, 186 S.W.3d 255, 257 (Mo. banc 2006) (jeopardy attaches in juvenile proceedings when the trier of fact begins to hear evidence).  Juvenile should therefore have been acquitted of having violated the municipal ordinance.

## Conclusion

For all of the above-stated reasons, we reverse the judgment of the trial court and enter a judgment of acquittal.  Rule 84.14.

_____
Gary D. Witt, Judge

All concur